IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **AURORA DOMINGUEZ ALMAS** and | § | |
| **AMINULLAH ALMAS,** | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | **Case No. SA-19-cv-383** |
| **KEVIN K. MCALEENAN,** Acting Secretary, | § | |
| U.S. Department of Homeland Security; | § | |
| **LEE FRANCIS CISSNA,** Director, U.S. | § | |
| Citizenship and Immigration Services; | § | |
| **MARIO ORTIZ,** District Director, | § | |
| San Antonio District Office; | § | |
| in their official capacities, | § | |
|    *Defendants* | § | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

Plaintiffs Aurora Dominguez Almas (a United States citizen) and her husband Aminullah Almas (a citizen of Afghanistan) file the instant action to challenge agency action under the Administrative Procedure Act (APA), 5 U.S.C. §706 *et seq.* and the United States Constitution. Among other things, Defendants have unlawfully withheld or unreasonably delayed agency action and their dilatory actions are arbitrary, capricious, an abuse of discretion or otherwise not accordance with law. Plaintiffs also complain Defendants have unlawfully discriminated against them on the basis of race (South Asian) and/or religion (Muslim) in refusing to adjudicate a pending immigration application. More specifically, Mr. and Mrs. Almas complain that defendants have unreasonably and unlawfully refused to adjudicate Mrs. Almas' I-130 family

visa petition that she filed for Mr. Almas.  The I-130 petition has been pending since October 5, 2012, that is for more than 6 years and 5 months.  This delay is unreasonable as a matter of law.

There is no justification for Defendants' delay in adjudicating Mrs. Almas' I-130 petition for her husband Mr. Almas and thus, this Court should declare such agency action unlawful and discriminatory and compel agency action as required by the APA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), 1361 (mandamus), 2201 and 2202, and 5 U.S.C. § 702 *et seq*. (APA).

2. Venue is proper under 28 U.S.C. § 1391 because Plaintiffs reside in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

3. Plaintiff Aurora Dominguez Almas was born in the United States and is a citizen of the United States.  She currently resides in San Antonio, Texas.

4. Plaintiff Aminullah Almas was born in Afghanistan and is a citizen of Afghanistan.  He grew up in the Muslim faith.  He currently resides in San Antonio, Texas.

5. Defendant Kevin K. McAleenan is the Secretary of the U.S. Department of Homeland Security (DHS).  Secretary Nielsen directs each of the component agencies within DHS, including the United States Citizenship and Immigration Services. Defendant Nielsen is responsible for the administration of the immigration laws and policies pursuant to 8 U.S.C. § 1103, including those laws and policies regarding the adjudication of applications for naturalization.

6.     Defendant Lee Francis Cissna is the Director of the United States Citizenship and Immigration Services. The USCIS is an agency within the DHS that adjudicates applications and requests for benefits under the immigration laws, including applications for naturalization.

7.     Defendant Mario R. Ortiz is the District Director of the USCIS San Antonio District Office. The San Antonio District Office of the USCIS adjudicates applications for benefits under the immigration laws for San Antonio, Texas, and the surrounding area, including applications for naturalization.

## RELEVANT STATUTORY AND REGULATORY BACKGROUND

8.     Under 8 U.S.C. §§ 1151(b) and 1255, a United States citizen (USC) or a legal permanent resident (LPR) may apply for an immigrant visa for their non-citizen spouses. The process whereby a non-citizen spouse of a United States citizen becomes a legal permanent resident involves two stages.

9.     First, the petitioner, that is the United States citizen or permanent resident, must file a family visa petition before the USCIS on form I-130 to classify their non-citizen spouse (the beneficiary) as an immediate relative for the purpose of immigrating to the United States. 8 U.S.C. § 1154(a); 8 C.F.R. § 204.1(a)(1). The purpose of the I-130 is to determine if the requisite family relationship exists. 8 C.F.R § 204.1(f). If such relationship exists, USCIS must approve the petition. 8 C.F.R. §§ 204.1(a)(1), 204.2(a). The approval of the immediate relative visa petition does not grant the non-citizen the authorization to live and work in the United States. Rather, it merely serves as the basis upon which a non-citizen can submit an application for permanent resident status either before the USCIS or the Immigration Court. 8 U.S.C. § 1255; 8 C.F.R. §§ 245 et seq. and 1245 et seq.

10. In cases where the basis of the family relationship is based on a marriage, the United States petitioner and the non-citizen beneficiary must establish the existence of a bona fide marriage. 8 C.F.R. § 204.2(a)(2). The parties must submit evidence of the bona fide nature of their marriage. *Id*.; 8 C.F.R. § 204.1(f). Such evidence may include documents showing joint ownership of property, leases showing joint tenancy of a common residency, documentation showing comingling of financial resources, affidavits of parties having knowledge of the bona fides of the marital relationship, or any other document which is relevant to establish that the marriage was entered into in good faith and not to circumvent the immigration laws.

## STATEMENT OF FACTS

8. Plaintiff Aurora Dominguez Almas is a native and citizen of the United States residing in San Antonio, Texas. She is married to Plaintiff Aminullah Almas, a native and citizen of Afghanistan.

9. On October 6, 2010, Plaintiff Mr. Almas was admitted into the United States as an A-2 nonimmigrant international military student with authorization to attend Lackland Air Force Base in San Antonio, Texas for training. He was authorized to remain until August 22, 2012 but he did not depart the United States.

10. On August 23, 2012, Mr. Almas married Mrs. Almas in San Antonio, Texas. Mrs. Almas filed an I-130 family visa petition on behalf of Mr. Almas on October 5, 2012. Approval of the petition by Defendants permits noncitizens, like Mr. Almas, to apply for permanent residence.

11. On October 23, 2012, the Department of Homeland Security (DHS) detained Mr. Almas. On November 7, 2012, an Immigration Judge granted bond to Mr. Almas and he was released from immigration detention upon payment of the bond.

12. For the past six (6) years, Mr. Almas and his counsel have requested that Defendants adjudicate the I-130 family visa petition.

13. On December 21, 2012, Mr. Almas, through counsel, wrote to Immigration and Customs Enforcement (ICE) Office of Chief Counsel (OCC) asking that ICE affirmatively request that U.S. Citizenship and Immigration Services (USCIS) expedite the adjudication of Ms. Almas' I-130 petition pursuant to an August 20, 2010 ICE policy memo issued by then-Assistant Secretary John Morton.

14. On January 21, 2013, Mr. and Mrs. Almas, through counsel, wrote to USCIS supervisor Cristobal Saucedo requesting that USCIS adjudicate the I-130 petition.

15. On January 31, 2013, USCIS sent Mrs. Almas a Request for Evidence in which USCIS requested, in part, that Mrs. Almas submit evidence to demonstrate the bona fide nature of her marriage to Mr. Almas.  Mr. and Mrs. Almas responded to the request for evidence on February 26, 2013 with the evidence requested by USCIS.

16. On May 9, 2013, Mr. Almas attended the required biometrics appointment at USCIS where USCIS captured Mr. Almas' photograph and fingerprints.

17. On May 15, 2013, Mr. Almas was issued an Employment Authorization Document based on his pending application for adjustment of status (permanent residence) valid from December 11, 2012 through December 10, 2013.

18. The only issue in the adjudication of the I-130 petition is whether Mr. and Mrs. Almas have a bona fide marital relationship.  The is living in a bona fide marital relationship and have provided sufficient documentation to establish the bona fides of their marriage. The couple remains married and there is no legitimate reason to doubt the validity of their marriage.

19. On August 6, 2015, Mr. and Mrs. Almas, with counsel, attended an Infopass appointment with USCIS to inquire about the status of Mrs. Almas' petition. The USCIS officer stated that the file had been forwarded to ICE OCC and that no decision had been made on the petition. Counsel presented copies of the letter requesting ICE OCC's assistance in adjudicating the I-130.

20. On February 5, 2016, Mr. and Mrs. Almas' counsel attended another Infopass appointment with USCIS to inquire on the status of Mrs. Almas' petition. The USCIS officer informed counsel that the petition had still not been adjudicated and stated that it was due to pending background checks. The officer could not say why background checks were still pending.

21. USCIS has not scheduled Mr. and Mrs. Almas for any interview in connection with Mrs. Almas' I-130 petition or Mr. Almas' application for adjustment of status. To date, USCIS has failed to take any steps to complete the adjudication of Mrs. Almas' I-130 petition.

22. Generally, Defendants adjudicate petitions filed by United States citizens for their foreign spouses within one year.

23. However, in the case of Muslim and/or South Asian beneficiaries, Defendants intentionally delay or refuse to adjudicate the family visa petitions filed by the United States citizen spouses.

24. Plaintiffs have exhausted all administrative remedies and there are no further administrative acts Plaintiffs can take to obtain the benefits to which they are entitled.

## CAUSE OF ACTION

### Administrative Procedure Act, 5 U.S.C. § 706

25. Plaintiffs re-alleges and incorporates by reference paragraphs 1 through 24 above.

26. Defendants' refusal to adjudicate Mrs. Almas' petition for Mr. Almas constitutes an unreasonable failure to act in violation of the Administrative Procedures Act. Defendants have a clear duty to adjudicate Plaintiffs' I-130 petition and there is no other adequate remedy available.

### Violation of the Fifth Amendment to the U.S. Constitution

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 24 above.

28. Defendants' actions as described above were motivated by Plaintiffs' race and/or religion. Furthermore, Defendants denied Plaintiffs procedural due process.

29. As a result, Plaintiffs have suffered irreparable harm entitling them to relief.

30. No other remedy exists for the Plaintiffs to remedy the Defendants' refusal to confer Plaintiffs a benefit they are entitled to under the Immigration and Nationality Act.

31. Plaintiffs have been injured and seek declaratory and injunctive relief to redress their injuries.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

A. Assume jurisdiction over this action;

B. Declare that Defendants' delay in adjudicating Mrs. Almas' I-130 petition violates the Administrative Procedures Act;

C. Order Defendants to adjudicate Mrs. Almas' petition;

D. Retain jurisdiction during the adjudication of the I-130 petition in order to ensure compliance with the Court's orders; and,

E.  Grant Plaintiffs' costs and attorneys' fees and such other and further relief to which Plaintiffs may be justly entitled.

        Respectfully submitted,

        <u>/s/ Javier N. Maldonado</u>
        Javier N. Maldonado
        TX Bar No. 00794216

        Law Office of Javier N. Maldonado, P.C.
        8918 Tesoro Dr., Suite 575
        San Antonio, TX 78217
        Telephone: (210) 277-1603
        Facsimile: (210) 587-4001
        Email: jmaldonado.law@gmail.com

        **ATTORNEY FOR PLAINTIFFS**